IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS JAMES MORGAN-DEROSIER,<br><br>Defendant. | Case No. 3:22-cr-5<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SEVER** |

The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Jennifer Klemetsrud Puhl, First Assistant United States Attorney, and Charles Schmitz, Trial Attorney, United States Department of Justice, hereby opposes defendant Nicholas Morgan-Derosier's ("defendant") Motion to Sever. (Doc. 120.)

I. **BACKGROUND.**

On January 12, 2022, a federal grand jury returned an Indictment charging defendant with various child pornography and transportation of minors charges. Counts One through Eight charge Morgan-Derosier with Receipt and Distribution of Child Pornography (Count One), Transportation of Child Pornography (Count Two), and Possession of Materials Containing Child Pornography (Counts Three, Four, Five, Six, Seven, and Eight) (hereinafter Child Pornography charges). In addition, the Indictment charges Morgan-Derosier with Transportation of Minors (Count Nine) and Travel With Intent to Engage in Illicit Sexual Activity with Minors (Count Ten) (hereinafter Transportation charges) (Doc. 26.)

On July 3, 2023, defendant filed a Motion to Sever Counts Nine and Ten of the Indictment, requesting this Court to set separate trials for Counts One through Eight and for Counts Nine and Ten. (Doc. 120.) His argument is based on two points: (1) the Child Pornography charges are not of similar character to the Transportation charges and could not be part of a common scheme or plan; and (2) defendant may suffer prejudice.

For the reasons stated below, severance is inappropriate here. Counts Nine and Ten are properly joined and defendant has failed to sustain his burden to show prejudice.

## II.     ARGUMENT.

Rule 8(a) of the Federal Rules of Criminal Procedure provides that "[t]he indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common plan or scheme." Courts construe Rule 8(a) broadly "in favor of joinder to promote judicial efficiency." United States v. Colhoff, 833 F.3d 980, 983 (8th Cir. 2016); see United States v. McCarther, 596 F.3d 438, 441–42 (8th Cir. 2010); United States v. Rock, 282 F.3d 548, 552 (8th Cir. 2002) (citing United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984)). Counts that are "factually interrelated" are properly joined. Rock, 282 F.3d at 552.

Even where Fed. R. Crim. P. 8(a) authorizes joinder, this Court may order severance under Fed. R. Crim. P. 14 if defendant establishes prejudice from the joinder. See United States v. Flores, 362 F.3d 1030, 1039 (8th Cir. 2004). A defendant seeking severance under Rule 14 bears the burden to show prejudice to his right to a fair trial. United States v. Darden, 70 F.3d 1507, 1527 (8th Cir. 1995) (citing United States v.

Penson, 62 F.3d 242, 244 (8th Cir. 1995)). The prejudice must be "severe" or "compelling." Id. Only in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder. United States v. Kirk, 528 F.3d 1102, 1107 (8th Cir. 2008). "A defendant cannot show prejudice when evidence of the joined offense would be properly admissible in a separate trial for the other crime." United States v. Reichel, 911 F.3d 910, 915 (8th Cir. 2018). As with Rule 8, there is a strong presumption against severance and in favor of joinder and the defendant bears the burden of establishing prejudice. United States v. Garrett, 648 F.3d 618, 626 (8th Cir. 2011).

### A. Because the Charges Are of the Same or Similar Character and the Evidence For all the Charges Overlaps, Joinder Is Proper

Joinder of the Child Pornography charges and the Transportation charges is proper under Rule 8(a). The Eighth Circuit has found that offenses involving child pornography and offenses involving the intent to sexually molest children are sufficiently similar in character such that joinder is proper. In United States v. Reynolds, 720 F.3d 665, 668 (8th Cir. 2013), the district court denied defendant's motion to sever a receipt of child pornography count involving one victim from two counts of enticement of a minor and production of child pornography involving a second victim. On appeal, the Eighth Circuit concluded that the district court properly joined all of the charges finding that "charges of enticement of a minor to engage in illicit sexual activities, receiving child pornography, and production of child pornography are of the same or similar character because they show [a defendant's] predisposition to abnormal sexual attraction" and "desire to engage

in sexual activities with female minors." Id. at 670 (8th Cir. 2013) (internal citations omitted). The Court also concluded that joinder was appropriate because the enticement of a minor and production of child pornography charges tended to rebut any claim that the defendant was not responsible for receiving the child pornography and therefore they were "of the same or similar character." Id. Moreover, all the charges "constitute[d] part of a common scheme or plan because [defendant] used the online activity as part of a common scheme or plan to contact female minors, obtain pornographic photographs of them, and entice one female minor to engage in illicit sexual activities." Id. (internal citations omitted).

Joinder of child pornography and enticement charges is appropriate even when the child pornography material does not depict children the defendant targeted. United States v. Mayer, 2021 WL 2010776, *2 (D. Minn, May 20, 2021). In Mayer, the defendant was charged with enticement of a minor and various child pornography charges in the District of Minnesota. Id. 2021 WL 2010776 at *1. Seven counts of the Indictment arose from allegations involving a relationship between defendant and an identified Minor whereas two counts alleged that defendant received and possessed child pornography. Id. Because the child pornography counts involved different children than the enticement counts, defendant argued that they had "nothing whatsoever to do with the defendant's alleged relationship with the Minor" identified in the Indictment, and therefore should be severed. Id. Despite this distinction, the district court determined that joinder was still appropriate because all the allegations comprised a common plan: the sexual exploitation of minors. Id. at *2. Although some of the counts involved child pornography defendant

allegedly obtained from a website and other counts involved an identified victim, they all involved exploitation of minors to obtain pornographic images and fulfill an "abnormal sexual attraction." Id.

So too, here. The Child Pornography charges and the Transportation charges are similar in nature because they all involve sexual exploitation of children even though some counts allege his possession of child pornography involving victims that defendant never met or targeted and others counts involve identified minors. Defendant disseminated and possessed thousands of videos and images of child pornography. He exchanged some of this child pornography with other persons via various social media platforms and in exchange for such material, he sent images of the Minor Males identified in the Indictment. During these same online conversations (wherein defendant was sharing child pornography) he boasted about his sexual activity with the Minor Males identified in Counts Nine and Ten. Given these facts, all of the allegations comprised a common plan to sexually exploit children; in particular, boys.

Other courts have likewise held that offenses involving child pornography and offenses involving the intent to sexually offend against children are of similar character such that joinder of these offenses is appropriate. United States v. Rivera, 546 F.3d 245, 253-54 (2nd Cir. 2008) (five counts for enticement, interstate travel and production of child pornography were properly joined); United States v. Davies, 2010 WL 3024844, * 5 (M.D. Pa. July 29, 2010) (denying motion to sever child pornography and enticement charges)

This is true even if all of the counts do not share temporal and evidentiary connections, which are not determinative for purposes of joinder. United States v. Nestor, 2008 WL 191217 (W.D. Pa. Jan. 22, 2008) (finding that child pornography and solicitation of a minor charges were properly joined because the offenses were similar in character even though the charges lacked a factual nexus and the conduct at issue was separated by more than two years). Rather, the determining factor is whether the offenses are of the same or similar character. Id. at *1. "When offenses are joined under Rule 8(a) by virtue of their 'same or similar character,' the offenses need only be similar in category, not in evidence." United States v. Hersh, 297 F.3d 1233, 1241 (11th Cir. 2002) (finding that transportation of a minor and child pornography charges were properly joined under Rule 8(a)). The requisites of proper joinder are satisfied so far as Rule 8(a) is concerned so long as the "offenses are of like class, although not connected temporally or evidentially." Id. at 1241 n.12.

In Hersh, the Eleventh Circuit upheld the joinder of child pornography counts and the travel and transportation of minor counts because all of the charged offenses reflected "[defendant's] repeated participation in the sexual exploitation of minors." Id. at 1242. Just as is the case here, several of the counts in Hersh charged defendant with traveling to and transporting a minor for the specific purpose of engaging in sexual activity with the minor as well as receiving and possessing visual depictions of minors engaged in sexual activity. Id. The Court determined that these two groups of charges— almost identical to what is charged in this case—were sufficiently similar in character because they involved "the extraordinary mistreatment of children." Id. This "sameness

6

in character" of all the counts here alone justifies joinder even in the absence of temporal and evidentiary connections. See Fed.R.Crim.P. 8(a) (permitting joinder when the offenses at issue are of the same character).

Nevertheless, the offenses are connected temporally and evidentially and therefore the evidence used for trial for both the Child Pornography and Transportation charges largely overlaps. Both groups of offenses were discovered by law enforcement at the same time and much of the evidence will involve the forensic examination of defendant's devices recovered from defendant's person and residence. Specifically, there are numerous online chats in 2018, 2019, and 2020 wherein defendant was trading child pornography that also reflect his motive in taking and transporting the Minors Males identified in the Indictment from Minnesota to North Dakota for the purpose of sexual activity. That is, defendant was sharing child pornography with others while simultaneously boasting about having engaged in sexual activity with the identified Minors Males that he transported from Minnesota to North Dakota in March 2020. Thus, these chats would be admissible in separate trials on each group of offenses.

Moreover, in September 2020, defendant possessed images of both Minor Males some of which a jury could determine meet the definition of "child pornography" as that term is defined under 18 U.S.C. § 2256. Because some of these images were produced in 2018 and 2019, before defendant took the Minor Males from Minnesota to North Dakota, they would also be admissible to establish his motive for the travel.

Beyond the forensic examination of the devices, the United States also intends to introduce witness testimony that would be admissible in separate trials for both groups of

7

offenses. For instance, Justin Langen, who was once a romantic partner of defendant and who, like defendant, is sexually interested in young boys, will testify that he met defendant via Grindr in January 2019, after which they began trading child pornography. On January 22, 2019, defendant sent Langen an image of the younger of the Minor Males identified in the Indictment after which they both expressed a sexual interest in this Minor.[1] Eventually, defendant traveled from Grand Forks, North Dakota, to Langen's residence in Caledonia, Minnesota, to meet Langen in March 2019. During their meeting, defendant physically showed Langen some of his child pornography collection, including two images that depicted two prepubescent boys being sexually abused. Even though the faces of the adult male and the boys are not visible in the images, defendant told Langen that they depicted him with the two Minor Males identified in Counts Nine and Ten.[2] Defendant also told Langen that he had access to these boys "at any time" and that his sister was unaware that he was sexually abusing them. Defendant also told Langen that he could bring the Minor Males identified in the Indictment to his home in Caledonia,

---

[1] Defendant and Langen's initial meeting on Grindr and exchange of images as well as their sexual interest in children are all corroborated by the forensic examinations of Defendant's cellphone and Langen's cellphone (which was seized by law enforcement pursuant to a separate investigation).

[2] Langen described the two images and based upon his description, SA Smith was able to locate them on defendant's devices. These two images were shown to Langen who identified them as those that defendant showed him during their meeting in Caledonia, Minnesota. One image depicts the closeup of a prepubescent boy's buttocks with an adult male's penis with semen resting on the boy's buttocks. The second image depicts an adult male's torso and penis next to a prepubescent boy. The boys' faces are not depicted in either photograph, but defendant told Langen that one photograph depicted the younger of the two boys and the other photograph depicted the older of the two boys, both of whom defendant identified by name.

Minnesota, so that they could sexually abuse them together.[3] On these facts, the Child Pornography and Transportation charges are not only similar in character but they also share temporal and evidentiary connections. Accordingly, as a matter of judicial economy, Counts Nine and Ten are properly joined.

**B.      Defendant Cannot Establish That Compelling Prejudice Would Result From Joinder of the Two Groups of Offenses**

Because joinder is proper under Rule 8(a), defendant has the burden to show "severe" and "compelling" prejudice requiring joinder. He has failed to carry this burden. The evidentiary overlap between the child pornography charges and transportation charges confirms no prejudice will inure. See Colhoff, 833 F.3d at 983. Significantly, the Child Pornography charges are intertwined with the Transportation charges, but defendant fails to address this fact.

In Count Nine, the government must prove that defendant transported the minor males from Minnesota to North Dakota with the intent to engage in sexual activity for which he could be charged with a criminal offense. See § 2423(a); United States v. Dufflin, 844 F.3d 786, 790 (8th Cir. 2016). In Count Ten, the government must prove the defendant traveled in interstate commerce for the purpose of engaging in illicit sexual conduct. See § 2423(b); United States v. Willins, 992 F.3d 723, 726 (8th Cir. 2021).

---

[3] Defendant later ceased communicating with Langen and Langen blackmailed defendant for his affection. Langen will testify that he threatened to tell the police that defendant had child pornography and that he was sexually abusing the two Minor Males. In response, defendant sent Langen money and bought him other items. SA Smith recovered text messages between defendant and Langen that corroborate Langen's testimony about his threatening to go to the police about the child pornography and defendant's sexual assault of the Minor Males. Law enforcement also recovered records of money wires that defendant sent to Langen.

Neither charge requires proof that any sexual conduct between defendant and the Minor Males took place, but they do require proof of intent. <u>United States v. Joyner</u>, 2021 WL 3206797 *4 (M.D. Al. Jun. 10, 2021) (stating that the government need not allege or prove that the minor actually engaged in unlawful sexual activity in prosecution for § 2423(a); rather government need only specify the underlying criminal offense for which the defendant could have been charged had the minor engaged in the sexual activity); <u>See also</u> <u>United States v. Hoschouer</u>, 224 F.Appx. 923, 926 (11th Cir. 2007) (discussing elements of §§ 2423(a) and 2423(b)). Evidence of defendant's distribution and receipt of child pornography would be admissible in the transportation of minors charges as evidence of his motivating purpose for his travel. While defendant was trading child pornography with others in 2018 through 2020 he also boasted about his sexual abuse of the Minor Males. During many of these chats, defendant was very explicit about how he was sexually abusing the Minor Males. The same can be said about Defendant's showing child pornography to Langen in March 2019 and his conversations with Langen about his sexually abusing the Minor Males as well as his access to these Minor Males. This would all be admissible to establish defendant's intent and motive for taking and transporting the Minor Males from Minnesota to North Dakota in March 2020. <u>United States v. Cole</u>, 262 F.3d 704, 709 (8th Cir. 2001) (holding that intent for § 2423(a) "may be inferred from all the circumstances," including the defendant's own statements).

Finally, the defendant's possession of naked images of the Minor Males that depict their genitals would be admissible in separate trials for both groups of offenses.[4] It is a question of fact for a jury to decide whether such images constitute child pornography as defined in § 2256(8) (to include among other things, lascivious exhibition of the genitals or pubic area of a person under 18 years of age). And because such images were produced before defendant's taking and transporting the Minor Males from Minnesota to North Dakota in 2020, they establish the motivating purpose for his travel and transportation of them from Minnesota to North Dakota. Therefore, defendant's conversations with others and his sharing of child pornography are directly relevant to defendant's intent in Counts Nine and Ten and two separate trials would require the same witnesses to testify about the same facts. To the extent that any prejudice arises, the Court can always issue a limiting instruction.

Defendant nonetheless argues that severance of Counts Nine and Ten (travel and transportation charges) is warranted here because the evidence that the government seeks to introduce under Fed. R. Evid. 414—testimony from defendant's two sisters, S.H. and K.M., who both claim that defendant sexually abused them when they were children—would be admissible in a trial on the Child Pornography counts to prove propensity, but not admissible in a trial on the Transportation counts for the same purpose. However, the Eighth Circuit's precedent makes clear that Rule 414 propensity evidence would be

---

[4] These images of the Minor Males show their faces and are separate from the images that defendant showed Langen when they met at Langen's residence in Caledonia, Minnesota (as described in FN 2).

11

admissible in both a trial on the Child Pornography charges as well as a trial on the Transportation charges.[5] Alternatively, the district court always has the discretion to introduce this same evidence under Rule 404(b), albeit for a different purpose than propensity (i.e., to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident). See i.e., United States v. Wise, 2021 WL 5016013 (D. N.J., Oct. 28, 2021) (defendant was charged with child pornography charges and attempted solicitation of a minor charge and court found "the evidence of his extensive communications with the Individual regarding sexual exploitation of a 13-year-old boy and his allegedly requesting and possessing child pornography would therefore be admissible under Rule 404(b) to show absence of mistake and to rebut his anticipated defense that he believed UC-1 was an adult)." Id. at *9.

The Eighth Circuit has rejected an argument that Rule 413 does not apply to a § 2423(a) travel charge. United States v. Blazek, 431 F.3d 1104, 1106-09 (8th Cir. 2005). In Blazek, the defendant arranged to meet with an underage boy who in reality was an undercover police officer. Id. 1107-1108. Defendant was subsequently charged with attempted enticement of a minor in violation of § 2422(b) and traveling in interstate commerce with the intent to engage in illegal sexual conduct in violation of § 2423(a). Id. at 1107. Like defendant here, Blazek was also charged with child pornography offenses. Id. At trial, the government introduced under Rule 413, evidence of defendant's prior conviction for abusive sexual contact with a minor and testimony that the

---

[5] To the extent that the United States Rule 414 Notice only applies to Counts One through Eight, the United States intends to amend it to make clear that it intends to offer the same evidence for the transportation charges.

conviction resulted from Blazek's fondling his 11-year-old nephew. Id. at 1108. On appeal, the defendant argued that the district court erred in admitting this propensity evidence because the defendant was not charged with a sexual assault, as was required under Rule 413. Id. The Eighth Circuit disagreed. Id. at 1109.

To establish admissibility under Rule 413, the government must show that (1) the defendant is currently accused of an offense of sexual assault; (2) the proffered evidence prior acts evidence is "of the defendant's commission of another offense of . . . sexual assault;" and (3) the proffered evidence is relevant. Fed.R.Evid. 413(a); see also Blazek 431 F.3d at 1108. "Sexual assault" is defined as, among other things, "any conduct prohibited by 18 U.S.C. chapter 109A." Fed.R.Evid. 413(d)(1). Chapter 109A in turn criminalizes sex acts with minors that occur within the special maritime and territorial jurisdiction of the United States, such as Indian Country.

The defendant in Blazek argued that Rule 413 did not apply because the instant offense of traveling in interstate commerce for the purpose of knowingly engaging in a sex act with a minor in violation of § 2423(b) did not involve conduct proscribed by Chapter 109A. Id. at 1108-09. However, the Eighth Circuit concluded that "Rule 413 does not require that the defendant be charged with a chapter 109A offense, only that the instant offense involve conduct proscribed by chapter 109A." Blazek, 431 F.3d at 1109 (emphasis added). Thus, because the defendant was charged with traveling in interstate commerce to have sex with a minor, he was charged with conduct proscribed by Chapter 109A (even though the offense conduct did not satisfy Chapter 109A's jurisdictional hook) and therefore Rule 413 propensity evidence was admissible. Id.

13

Although the Eighth Circuit's ruling in <u>Blazek</u> was based on Rule 413, its reasoning still applies to Rule 414. Rule 413 applies to offenses of "sexual assaults," whereas Rule 414 applies to offenses of "child molestation." They both serve the same purpose—to provide an exception to Rule 404(b)'s prohibition on the admission of propensity evidence. Just as Rule 413 defines "an offense of sexual assault" as, among other things, "any conduct prohibited by chapter 109A," Rule 414 defines "child molestation" as, among other things, "any conduct prohibited by chapter 109A and committed with a child."[6] Here, both defendant's prior bad acts and the charged crimes qualify as "child molestation" offenses for purposes of Rule 414.

Specifically, defendant's prior bad acts—his forcing his two sisters to touch his penis and perform oral sex on him beginning when S.M. was 11 or 12 years of age and K.M. was 8 or 10 years of age—involve conduct proscribed by Chapter 109A, which criminalizes engaging in this very activity with a child between the ages of 12 and 15 years.[7] <u>See</u> §§ 2241 and 2244. And for the reasons stated in <u>Blazek</u>, the charged crimes—his transporting minors with the intent that they engage in a sexual activity in violation of § 2423(a) and his traveling in interstate commerce for the purpose of engaging in a sex act with a minor in violation of § 2423(b) as well as the child pornography offenses

---

[6] Rule 414 also includes in its definition of "child molestation" the offenses involving child pornography in Chapter 110. Fed.R.Evid. 414(d)(2)(B).

[7] Alternatively, the defendant's prior bad acts would also qualify as a crime of "child molestation" under Rule 414's molestation of a child provision. In addition to conduct prohibited by Chapter 109A, "child molestation" is also defined as "contact between the defendant's genitals or anus and any part of a child's body. Fed.R.Evid 414(d)(2)(E).

14

(which defendant agrees meets the definition of "child molestation" under Rule 414)—all qualify as "child molestation" for purposes of Rule 414.

Because Rule 414 applies, propensity evidence would be admissible to prove both the Child Pornography charges and the Transportation charges. Given this, the Court would essentially conduct the same trial twice. On these facts, therefore, a defendant cannot show the "severe" or "compelling" prejudice required to sever otherwise properly joined counts. United States v. Davis, 103 F.3d 660, 676 (8th Cir. 1996) ("[A] defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime.").

Defendant here has failed to provide <u>any</u> information to satisfy this exacting standard other than an argument that he would be prejudiced by Rule 414 evidence that is clearly admissible on a trial for both groups of charges. This falls far short of the showing required to establish prejudice on this ground. See United States v. Little Dog, 398 F.3d 1032, 1038 (8th Cir. 2005).

## II.     CONCLUSION.

Counts One through Eight are properly joined with Counts Nine and Ten under Fed. R. Crim. P. 8(a), and defendant has shown no prejudice resulting from that joinder. Nor has he identified any case in which a court held joinder of child pornography charges with transportation of minors charges improper on similar facts. Defendant has therefore failed to sustain his burden to overcome the presumption in favor of joinder.

Because Counts Nine and Ten are properly joined, and a joint trial will cause no prejudice requiring severance, the United States respectfully requests the Court deny defendant's Motion to Sever Counts Nine and Ten of the Indictment.

Dated: July 31, 2023

                                  MAC SCHNEIDER
                                  United States Attorney

By:   */s/ Jennifer Klemetsrud Puhl*
       JENNIFER KLEMETSRUD PUHL
       First Assistant United States Attorney
       Quentin N. Burdick United States Courthouse
       655 First Avenue North - Suite 250
       Fargo, ND  58102-4932
       (701) 297-7400
       ND Bar Board ID No. 05672
       Jennifer.Puhl@usdoj.gov
       Attorney for United States

By:   /s/ Charles Schmitz
       CHARLES SCHMITZ
       Trial Attorney
       Criminal Division
       U.S. Department of Justice
       (202) 913-4778
       Charles.Schmitz2@usdoj.gov