IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 3:22-cr-5 |
| v. | |
| NICHOLAS JAMES MORGAN-DEROSIER, a/k/a NICHOLAS JAMES MORGAN DEROSIER, a/k/a NICHOLAS MORGAN DEROSIER, a/k/a NICK JAMES MORGAN-DEROSIER | **PLEA AGREEMENT** |
| Defendant. | |

Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the

United States of America, by its attorney, Mac Schneider, United States Attorney, and

Jennifer Klemetsrud Puhl, First Assistant United States Attorney for the District of North

Dakota; Defendant, Nicholas James Morgan-Derosier; and Defendant's counsel,

Christopher P. Bellmore, agree to the following:

1.      Defendant acknowledges the Indictment charges violations of Title 18,

United States Code, Sections 2252A(a)(2)(A), 2252A(b)(1), 2252A(a)(5)(B), and

2252A(b)(2).

2.      Defendant has read the charges and Defendant's attorney has fully

explained the charges to Defendant.

3.      Defendant fully understands the nature and elements of the charged crimes.

4.      Defendant will voluntarily plead guilty to Counts One, Three, Four, Five,

Six, Seven, and Eight of the Indictment, and admit to forfeiture allegation.

5.      The parties agree this Plea Agreement shall be filed as part of the Court

record and be governed by Federal Rule of Criminal Procedure 11(c). The parties

specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the

non-binding recommendations specified in this Plea Agreement, then Defendant

acknowledges that this agreement will have been fulfilled. Except as provided in

Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does

not give Defendant a right to withdraw Defendant's guilty plea.

6.      Defendant will plead guilty because Defendant is in fact guilty of the

charges. In pleading guilty to Counts One, Three, Four, Five, Six, Seven, and Eight,

Defendant acknowledges that:

COUNT ONE

In or about July 2018 and continuing until on or about September 15, 2020, in the
District of North Dakota, and elsewhere, NICHOLAS JAMES DEROSIER
knowingly received and distributed child pornography, as defined in Title 18,
United States Code, Section 2256(8)(A), that had been shipped and transported
using any means and facility of interstate and foreign commerce, and in and
affecting interstate and foreign commerce by any means, including by computer,
to wit: a Samsung cellular phone, Model SM-N960U, IMEI 355745091199852;

In violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and
2252A(b)(1).

COUNT THREE

On or about September 15, 2020, in the District of North Dakota, and elsewhere,
NICHOLAS JAMES DEROSIER knowingly possessed and accessed with intent
to view, material which contained an image of child pornography, as defined in
Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent
minor or a minor that had not attained 12 years of age, and which had been
transported in and affecting interstate and foreign commerce by any means, and
was produced using materials that had been mailed, shipped, and transported in
and affecting interstate and foreign commerce by any means, including by
computer; specifically, NICHOLAS JAMES DEROSIER knowingly possessed

2

electronic files on an HP Laptop, Model 17by0063ci, SN: 5CG8494KK5, which files contained one or more visual depictions of minors engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2);

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

## COUNT FOUR

On or about September 15, 2020, in the District of North Dakota, and elsewhere, NICHOLAS JAMES DEROSIER knowingly possessed and accessed with intent to view, material which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor or a minor that had not attained 12 years of age, and which had been transported in and affecting interstate and foreign commerce by any means, and was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; specifically, NICHOLAS JAMES DEROSIER knowingly possessed electronic files on a 2GB Lexar thumb drive, SN: 106A7811031153151006, which files contained one or more visual depictions of minors engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2);

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

## COUNT FIVE

On or about September 15, 2020, in the District of North Dakota, and elsewhere, NICHOLAS JAMES DEROSIER knowingly possessed and accessed with intent to view, material which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor or a minor that had not attained 12 years of age, and which had been transported in and affecting interstate and foreign commerce by any means, and was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; specifically, NICHOLAS JAMES DEROSIER knowingly possessed electronic files on a 16 GB thumb drive, SN: 0A7706178030, which files contained one or more visual depictions of minors engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2);

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

3

## COUNT SIX

On or about September 15, 2020, in the District of North Dakota, and elsewhere, NICHOLAS JAMES DEROSIER knowingly possessed and accessed with intent to view, material which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which had been transported in and affecting interstate and foreign commerce by any means, and was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; specifically, NICHOLAS JAMES DEROSIER knowingly possessed electronic files on a Dell Inspiron 3656 D198M desktop computer, SN: 8W50X52, which files contained one or more visual depictions of minors engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2);

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

## COUNT SEVEN

On or about September 15, 2020, in the District of North Dakota, and elsewhere, NICHOLAS JAMES DEROSIER knowingly possessed and accessed with intent to view, material which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor or a minor that had not attained 12 years of age, and which had been transported in and affecting interstate and foreign commerce by any means, and was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; specifically, NICHOLAS JAMES DEROSIER knowingly possessed electronic files on a Seagate 2TB external hard drive, SN: 00000000NAB540HK, which files contained one or more visual depictions of minors engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2);

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

## COUNT EIGHT

On or about September 15, 2020, in the District of North Dakota, and elsewhere, NICHOLAS JAMES DEROSIER knowingly possessed and accessed with intent to view, material which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which had been transported in and affecting interstate and foreign commerce by any means, and was produced using materials that had been mailed, shipped, and transported in and affecting

interstate and foreign commerce by any means, including by computer; specifically, NICHOLAS JAMES DEROSIER knowingly possessed electronic files on a Samsung HDD 500 GB, SN: S2RSJ9BBA28470, which files contained one or more visual depictions of minors engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2);

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

7.      Defendant understands the following maximum penalties apply:

### Count One

| | |
|---|---|
| Imprisonment: | 20 years (5-yr minimum-mandatory) |
| Fine: | $250,000 |
| Supervised Release: | Lifetime |
| Special Assessment: | $100 |

### Counts Three, Four, Five, and Seven

| | |
|---|---|
| Imprisonment: | 20 years |
| Fine: | $250,000 |
| Supervised Release: | Lifetime |
| Special Assessment: | $100 |

### Counts Six and Eight

| | |
|---|---|
| Imprisonment: | 10 years |
| Fine: | $250,000 |
| Supervised Release: | Lifetime |
| Special Assessment: | $100 |

### Assessments and Mandatory Restitution

8.      Defendant further understands that the crimes to which he is pleading guilty

carry the following assessments and mandatory restitution:

(a)  An assessment of $100.00 per count under 18 U.S.C. § 3013. Defendant agrees to pay the Clerk of the United States District Court this assessment on or before the day of sentencing.

(b)  An assessment of $5,000.00 per count under 18 U.S.C. § 3014;

(c) An assessment, pursuant to 18 U.S.C. § 2259A, per count of no more than:

    (i) $17,000.00 (Counts Three through Eight) under section 2252(a)(4) or 2252A(a)(5); and

    (ii) $35,000.00 (Count One) for any other trafficking in child pornography offense as defined by § 2259(c)(3), which includes offenses under 18 U.S.C. §§ 2251(d), 2252, 2252A(a)(1) through (5), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b).

(d) Mandatory restitution under 18 U.S.C. § 2259 that, for any conviction of an offense described in paragraphs 8(b)(i) or (ii), is not less than $3,000.00 per victim.

9.      Defendant understands that by pleading guilty Defendant surrenders rights, including:

    (a)    The right to a speedy public jury trial and related rights as follow:

        (i)    A jury would be composed of twelve (12) lay persons selected at random. Defendant and Defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that Defendant is presumed innocent and that it could not return a guilty verdict unless it found Defendant guilty beyond a reasonable doubt.

        (ii)    If a trial were held without a jury, then the Judge would find the facts and determine whether Defendant was guilty beyond a reasonable doubt.

(iii)   At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against Defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for Defendant refuse to appear voluntarily, Defendant can require their attendance through the subpoena power of the Court.

(iv)   At trial, Defendant has a privilege against self-incrimination; thus, Defendant can decline to testify. No inference of guilt can be drawn from Defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify.

(b)   Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask Defendant questions about Defendant's criminal conduct to ensure that there is a factual basis for Defendant's plea.

10.   Defendant understands that by pleading guilty Defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of Defendant's waiver.

11.   The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a) and must consult and consider the United States' Sentencing Commission, Guidelines Manual, (Nov. 2021) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of Defendant's

conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

12.     This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute Defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

13.     Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom Defendant is licensed, or with whom Defendant does business, of Defendant's conviction.

14.     The parties agree that the base offense level under the Sentencing Guidelines for Defendant's conduct is 22. (USSG § 2G2.2(a)(2)).

15.     The parties agree that the following upward adjustments are applicable in this case:

- +2 levels because the material involved a prepubescent minor or a minor who had not attained the age of 12 years. (USSG § 2G2.2(b)(2)).

- +5 levels because the defendant distributed in exchange for any valuable consideration. (USSG § 2G2.2(b)(3)(B)).

- +4 levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence; or sexual abuse or exploitation of a toddler. (USSG §2G2.2(b)(4)).

- +5 levels because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. (USSG § 2G2.2(b)(5)). Defendant reserves the right to contest this adjustment.

- +2 levels because the offense involved the use of a computer. (USSG § 2G2.2(b)(6)).

- +5 levels because the offense involved more than 600 images. (USSG § 2G2.2(b)(7)(D)).

16.     The parties agree to the forfeiture of the items included in the Forfeiture Allegation of the Indictment.

17.     At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided Defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)). The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of Defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b)).

18.     Neither the Court nor the Probation Office is a party to the Plea Agreement. Neither the Court nor the Probation Office is bound by the Plea Agreement as to determining the Sentencing Guideline range. The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines' Commission to justify the departure. Both parties reserve the right to object to any departure. See USSG § 1B1.1, comment. (n.1) (defines "departure"). There may be other adjustments the parties have not agreed upon.

19.    At sentencing, the United States will:

(a)    Recommend a sentence within the applicable Guideline range, or the minimum-mandatory sentence, whichever is greater; and

(b)    Move to dismiss the remaining counts of the Indictment.

20.    Defendant acknowledges and understands that if Defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void at the discretion of the United States, and Defendant will face the following consequences: (1) all testimony and other information Defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against Defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to use any information obtained directly or indirectly from Defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting Defendant for perjury, false statements, or false declarations, if Defendant commits such acts in connection with this agreement or otherwise.

21.    Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order Defendant to make restitution for all loss caused by Defendant's conduct, regardless of whether counts of the Indictment will be dismissed as part of this

Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

22.     The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

23.     **Defendant's Waiver of Appeal**. Defendant acknowledges having been advised by counsel of Defendant's rights to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through post-conviction proceedings, including proceedings under 28 U.S.C. § 2255. Defendant understands these rights. **Defendant understands that, with the exception of an appeal of the District Court's Order denying defendant's Motion to Suppress Evidence, defendant voluntarily and knowingly waives any right of appeal, except as may be provided herein.** Defendant's waiver of these rights includes, but is not limited to, a waiver of all rights to appeal or to collaterally attack: Defendant's conviction or sentence; all non-jurisdictional issues; any assessment, restitution or forfeiture order; the constitutionality of the applicable guidelines; and the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced, or to argue that the admitted conduct does not fall within the scope of the statute(s). Defendant reserves the right to appeal a sentence of imprisonment imposed above the upper end of the applicable guidelines

range and the right to appeal or to collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or this waiver.

24.     By signing this Plea Agreement, Defendant further specifically waives Defendant's right to seek to withdraw Defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with this agreement. The appellate court will enforce such waivers. Defendant agrees that any attempt to withdraw Defendant's plea will be denied and any appeal of such denial should be dismissed.

25.     **Sex Offender Registration - Megan's Law/Adam Walsh Act Notice:** Through execution of this Plea Agreement, Defendant acknowledges that he has been advised, and understands, that pursuant to the Sex Offender Registration and Notification Act, a federal law, he must register as a sexual offender and keep such registration current in each of the following jurisdictions: where he resides, where he is employed, and where he is a student. Defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or student, among other information. Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is employed, or is a student not later than three **(3)** business days after any change of name, residence, employment, or student status. Defendant acknowledges that he has been advised and understands that failure to comply with these obligations subjects him to prosecution for

failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

26.     The parties further agree that Defendant will forfeit all rights and interest to the property set forth in the Forfeiture Allegation of the Indictment.

27.     Defendant understands that by pleading guilty he will be convicted, and that any individual convicted who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has explained this consequence of his guilty plea.

28.     The Assistant United States Attorney and attorney for Defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

29.     Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and Defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed Defendant's constitutional and other rights, including, but not limited to, Defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

MAC SCHNEIDER
United States Attorney

Dated: ___9/26/2023___

By: JENNIFER KLEMETSRUD PUHL
First Assistant United States Attorney

Dated: ___9/25/2023___

NICHOLAS JAMES MORGAN-DEROSIER,
Defendant

Dated: ___9/25/2023___

CHRISTOPHER P. BELLMORE
Attorney for Defendant

14